IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELLIOT O. CARLTON III,

Plaintiff,

ORDER

v.

12-cv-695-wmc

DODGE CORRECTIONAL
INSTITUTION, CARLY HENNING,
and AMY KLUG,

Defendants.

State inmate Elliot O. Carlton, III, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In particular, Carlton claims that two nurses (defendants Amy Klug and Carly Henning) used excessive force by shoving him out of their way while attempting to provide medical care to his cellmate. Carlton has now filed a motion that seeks a temporary restraining order or preliminary injunction against defendant Klug, barring her from having any contact with him or providing him with any further medical care pending the resolution of this lawsuit. (Dkt. # 37). The motion will be denied.

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp. Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he has no adequate remedy at law, and that he is likely to suffer irreparable harm in the absence of preliminary relief. *See Planned Parenthood of Indiana, Inc. v. Comm'r of the Indiana State*

*Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citations omitted). If he makes this threshold showing, the court must then consider whether the balance of equities tips in his favor and whether an injunction is in the public interest. *Id.* In an attempt to minimize the harm from potential error, the court must employ a "sliding scale" approach to these questions, which means that the higher the probability that plaintiff will win, the less heavily the balance of harms must weigh in favor of granting the injunction, and vice-versa. *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009).

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Society v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)) (emphasis in original). Carlton appears to seek injunctive relief based on a recent misconduct report that he received on July 3, 2013, for threatening Klug while she was distributing medication and providing treatment to Carlton's cellmate. Construed generously, Carlton's allegations not only fail to demonstrate a probability of success on the merits of his Eighth Amendment claim, the incident on which his motion is based has nothing to do with that claim. He does not otherwise satisfy the low threshold showing necessary for preliminary injunctive relief. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011) (reciting the "often-repeated rule that the threshold for establishing likelihood of success is low") (citations omitted). Accordingly, Carlton's motion must be denied.

2

ORDER

IT IS ORDERED that plaintiff Elliot O. Carlton's motion for preliminary injunctive relief (Dkt. # 37) is DENIED.

Entered this 30th day of July, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge